UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY BUHL,

    Plaintiff,

vs.

WILLIAM G. BLOK,
LAWRY TARGET EXPRESS INC.,

    Defendants.
_____/

Case No: 19-CV

Hon.

**Marc J. Mendelson P-52798**
**Matthew R. Bates P-72004**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050
_____/

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 2.113(C)(2)(b).

Marc J. Mendelson P-52798
Matthew R. Bates P-72004

NOW COMES Plaintiff, Bobby Buhl, by and through his attorneys, Mike Morse Law Firm, and for his Complaint against the above named Defendants, William G. Blok and Lawry Target Express Inc., states as follows:

## THE PARTIES

1. Plaintiff, Bobby Buhl, is a resident of Newport, Charter Township of Berlin, County of Monroe, State of Michigan.

2. Defendant, William G. Blok, upon information and belief, is a resident of the City of Goderich, Province of Ontario, Canada.

3. Defendant, Lawry Target Express Inc., is a Canadian corporation with its principal place of business in Ontario, Canada, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Monroe, State of Michigan.

## JURISDICTION AND VENUE

4. Jurisdiction is vested in this Court by the diversity of citizenship of the parties and 28 U.S.C. §1332.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I
## NEGLIGENCE CLAIM AS TO DEFENDANT, WILLIAM G. BLOK

6. Plaintiff, Bobby Buhl, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 5 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

7. On or about May 2, 2018, Plaintiff, Bobby Buhl, was the operator of a 2004 Harley-Davidson motorcycle, which motorcycle was being driven in a careful and prudent manner in a northerly direction on North Dixie Highway, at or near the intersection of Detroit Street, in the City of Monroe, County of Monroe, State of Michigan.

8. At the aforementioned place and time, Defendant, William G. Blok, was the operator

of a 2011 International motor vehicle, bearing Ontario, Canada license plate number 3130PP, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner, turning in a southeasterly direction from southbound North Dixie Highway into the Pilot Gas Station at 1100 North Dixie Highway, at or near the intersection of Detroit Street, in the City of Monroe, County of Monroe, State of Michigan, when said Defendant did strike Plaintiff/Plaintiff's motorcycle, causing serious and permanent injuries to Plaintiff, Bobby Buhl, as hereinafter alleged.

9. On the aforementioned day and date, Defendant, William G. Blok, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Monroe.

10. Contrary to the duties owed to Plaintiff, Defendant, William G. Blok, was negligent, careless and reckless in several respects, including the following:

(a) Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

(b) Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

(c) Failing to keep the motor vehicle constantly under control;

(d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e) Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

(f) Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff/Plaintiff's motorcycle would endanger the life or property of other persons using the roadway;

(g) Failing to yield to all approaching vehicles, MCL 257.649;

3

  (h) Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff/Plaintiff's motorcycle;

  (i) Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

  (j) Failing to make timely use of the braking system with which said vehicle is equipped;

  (k) Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706; and,

  (l) Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628.

11. That as a result of said collision, Plaintiff, Bobby Buhl, did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of his natural enjoyments of life, due to his injuries which include but are not limited to injuries to his head, neck, back, shoulders, left leg and left hand, including: ***a displaced comminuted fracture of his left femur requiring surgical repair, a fracture of the of shaft of his right clavicle, a fracture of the acromial process of his left scapula, torn ligaments of his SC joint, cervical spondylosis with spinal canal stenosis at C3-4, multilevel neural foraminal narrowing, and multiple contusions,*** among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement.

12. In the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

WHEREFORE, Plaintiff, Bobby Buhl, respectfully requests that judgment be entered in his

favor against Defendant, William G. Blok, for whatever amount in excess of $75,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II
## NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, LAWRY TARGET EXPRESS INC.

13. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 12 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

14. On the aforementioned date and time, Defendant, Lawry Target Express Inc., was the owner of the 2011 International motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, William G. Blok, when Defendant, Lawry Target Express Inc., knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Monroe, in direct disregard for the safety of Plaintiff, Bobby Buhl.

15. Defendant, William G. Blok, was acting with the expressed and/or implied consent of Defendant, Lawry Target Express Inc.

16. Defendant, Lawry Target Express Inc., is liable under the Owners Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, William G. Blok.

17. On May 2, 2018, upon information and belief, Defendant, William G. Blok, was acting within the course and scope of his employment with Defendant, Lawry Target Express Inc., when he negligently struck Plaintiff/Plaintiff's motorcycle while driving the 2011 International motor vehicle.

18. Based upon information and belief, Defendant, Lawry Target Express Inc., is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, William G. Blok, in that it employed the negligent driver, Defendant, William G. Blok, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

WHEREFORE, Plaintiff, Bobby Buhl, respectfully requests that judgment be entered in his favor against Defendants, William G. Blok and Lawry Target Express Inc., for whatever amount in excess of $75,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT III
## NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT, LAWRY TARGET EXPRESS INC.

19. Plaintiff, Bobby Buhl, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 18 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

20. On May 2, 2018, Defendant, William G. Blok, was employed by Defendant, Lawry Target Express Inc.

21. Defendant, Lawry Target Express Inc., is responsible for those negligent acts performed within the scope of Defendant, William G. Blok's, employment.

22. Defendant, Lawry Target Express Inc., hired Defendant, William G. Blok.

23. Defendant, Lawry Target Express Inc., had a duty to investigate Defendant, William G. Blok, Defendant, William G. Blok's, driving record and Defendant, William G. Blok's, driving ability.

24. Defendant, Lawry Target Express Inc., failed to properly investigate Defendant, William G. Blok, Defendant, William G. Blok's, driving record and Defendant, William G. Blok's, driving ability and made insufficient efforts to investigate whether or not Defendant, William G. Blok, was a safe, fit and competent driver.

25. Defendant, Lawry Target Express Inc., knew, had reason to know or should have known, that Defendant, William G. Blok, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

26. Defendant, Lawry Target Express Inc., knew or had reason to know or should have known that by hiring Defendant, William G. Blok, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, Lawry Target Express Inc. and/or Defendant, William G. Blok, caused Plaintiff's injuries.

27. Defendant, Lawry Target Express Inc., failed to supervise or otherwise monitor, train, educate or discipline Defendant, William G. Blok, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

28. The negligence of Defendant, Lawry Target Express Inc., in hiring and/or retaining and/or supervising Defendant, William G. Blok, was a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Bobby Buhl, respectfully requests that judgment be entered in his favor against Defendant, Lawry Target Express Inc., and Defendant, William G. Blok, for whatever amount in excess of $75,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## JURY DEMAND

Plaintiff, Bobby Buhl, by and through his attorneys, Mike Morse Law Firm, hereby respectfully demands a trial by jury on all issues in this cause of action.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

Marc J. Mendelson P-52798
Matthew R. Bates P-72004
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated: April 24, 2019